**Exhibit 1**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: CaaStle, Inc., <br><br> Debtor. | Chapter 7 <br> Case No. 25-11187-BLS |
| GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CAASTLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> KSV CAASTLE HOLDINGS L.P., KSV CAASTLE HOLDINGS II L.P, and P180 Inc., <br><br> Defendants. | Adv. Pro. No.: 25-52349-BLS |

# STIPULATION RE:
# TRUSTEE'S PRELIMINARY INJUNCTION MOTION AS TO P180, INC.

Dated: November 18, 2025

**PASHMAN STEIN WALDER HAYDEN, P.C.**
Richard Riley
824 North Market Street, Suite 800
Wilmington, DE 19801
(302) 592-6496

**STEPTOE LLP**
Thomas B. Watson (*pro hac vice* pending)
Jeffrey Reisner (*pro hac vice* pending)
Kerri Lyman (*pro hac vice* pending)
Conor Tucker (*pro hac vice* pending)
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
(213) 439-9400

Joseph M. Sanderson (*pro hac vice* pending)
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900

*Attorneys for Defendant P180 Inc.*

# STIPULATION

Plaintiff George L. Miller, Chapter 7 Trustee for debtor CaaStle, Inc., and Defendant P180, Inc., have met and conferred with respect to the Trustee's pending motion for preliminary injunction (D.E. 3) and hereby enter into this stipulation.

WHEREAS, on September 18, 2025, the Trustee filed this adversary proceeding against KSV CaaStle Holdings L.P., KSV CaaStle Holdings II L.P., and P180, Inc. On the same day, the Trustee filed a motion for preliminary injunction alleging that suits defendants had brought in other jurisdictions should be stayed;

WHEREAS, P180 has answered the Complaint in this action and opposed the Trustee's motion for preliminary injunction, denying that the Trustee is entitled to any stay under the Bankruptcy Code for the suit it has brought in the Southern District of New York against various individuals, including P180's former officers and directors, entitled *P180, Inc. v. Singh et al.*, No. 1:25-cv-04432 (S.D.N.Y.);[1]

WHEREAS, P180 desires to proceed with its litigation *P180 v. Singh et al.*, including serving all Defendants, getting past the pleading stage, and entering discovery;

WHEREAS, the Trustee desires to stay at least certain portions of the *P180 v. Singh et al.* litigation;

WHEREAS, the Trustee's motion is set for hearing on November 19, 2025;

WHEREAS, upon conferring the Parties have reached the following agreement.

---

[1] For clarity, P180 agrees that its suit against debtor CaaStle, Inc., filed in the Supreme Court of New York, *P180, Inc. v. CaaStle, Inc.* No. 652451/2005 (Supreme Court of New York, New York County, Commercial Div.) is subject to an automatic stay. P180 informed the Supreme Court of New York of CaaStle's Chapter 7 filing, staying that action, and P180 has filed a proof of claim related to that suit in the underlying Chapter 7 proceeding.

1. The Parties jointly request a continuance, as to P180, Inc. only, of the November 19, 2025, hearing on the Trustee's motion for preliminary injunction, for one hundred fifty (150) days, or as soon thereafter as the Court may set a hearing in its convenience.

2. This Stipulation and Order shall remain in force ("the Term") until the sooner of: (i) the Court's order on the continued hearing on the Trustee's motion for preliminary injunction, (ii) one hundred ninety five (195) days from the signing of this Stipulation, or (iii) a further stipulation by the Parties and Order thereon.

3. The Parties shall confer in good faith during the Term and, if no resolution is reached, the parties shall submit simultaneous separate supplemental briefs ten (10) days before the continued hearing date, or as otherwise ordered by the Court.

4. With respect to *P180, Inc. v. Singh et al.*, No. 1:25-cv-04432 (S.D.N.Y.) currently pending in the United States District Court for the Southern District of New York (the "SDNY Action"), P180 agrees that, subject to Paragraphs 5 and 6, during the Term of this Stipulation and Order it shall not conduct any discovery, aside from initial disclosures, requests for documents and/or subpoenas for documents, with respect to the following causes of action set out in Plaintiff's Complaint in the SDNY Action:

    a. Count I: Violation of the Racketeering Influenced and Corrupt Organizations Act (RICO) 18 USC § 1964(c);

    b. Count II: Conspiracy to Violate the Racketeering Influenced and Corrupt Organizations Act (RICO) 18 USC § 1964(d);

c. Count VI: Fraud – Fraudulent Inducement, Fraudulent Concealment, and Constructive Fraud

    d. Count VII: Aiding and Abetting Fraud

    e. Count X: Negligent Misrepresentation.

5. Except as explicitly prohibited in Paragraph 4, P180 may engage in all other discovery in the SDNY Action and may actively litigate the SDNY Action. For the avoidance of doubt, nothing in Paragraph 4 shall prohibit P180 from seeking any discovery as to any other cause of action in the SDNY Action, including Count III (Conversion), Count IV (Unjust Enrichment), Count V (Breach of Fiduciary Duty as to P180), Count VIII (Aiding and Abetting Breach of Fiduciary Duty as to P180), and Count IX (Civil Conspiracy). Nothing in Paragraph 4 shall prohibit P180 from conducting document discovery from parties or third parties (including under Federal Rules of Civil Procedure 26, 34, and 45), or taking any step reasonably necessary to conduct such discovery (including by way of nonlimiting example seeking appropriate protective orders, negotiating discovery plans, litigating motions under Federal Rule 12, filing and/or litigating motions to compel, serving defendants in the SDNY Action, seeking letters rogatory for international discovery, etc.), as to all causes of action in the SDNY Action.

6. In the event that discovery otherwise prohibited by Paragraph 4 is necessary to preserve testimony or evidence due to the unavailability or potential unavailability of a witness, or the loss or destruction of evidence, the Parties agree to cooperate to modify this Stipulation and Order to permit such discovery to go forward.

7. P180 agrees to give notice of this Stipulation and Order to the Court and parties in the SDNY Action.

8. This Stipulation and Order is without prejudice to any party's substantive or procedural rights. The fact of entering into the Stipulation, or any of its terms, shall not be cited, used, or relied upon by any party as evidence or argument for or against the Trustee's preliminary injunction motion, nor shall it be construed as a concession by either party on the merits of that motion.

9. The Stipulation may be altered for good cause shown upon motion by either party to the Bankruptcy Court.

10. The Parties jointly request that this Court enter this Stipulation as an Order.

IT IS SO STIPULATED

| | |
|---|---|
| For P180, Inc. | */s/ Thomas B. Watson* <br> Thomas B. Watson <br><br> Steptoe LLP |
| For George L. Miller, <br> Chapter 7 Trustee for debtor <br> CaaStle, Inc. | */s/ Peter C. Hughes* <br> Peter C. Hughes <br><br> Dilworth Paxson |